**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1040

FREIGHTLINER LLC,

Plaintiff, Appellee,

v.

PUERTO RICO TRUCK SALES, INC./FREIGHTLINER DE PUERTO RICO,
d/b/a Freightliner Truck Sales and Services; UNITED
CAPITAL & LEASING OF PUERTO RICO; LUIS CARRERAS; JANE DOE;
CONJUGAL PARTNERSHIP L. CARRERAS/DOE; JOSE TORRES; JANE
ROE; CONJUGAL PARTNERSHIP TORRES/ROE; MANUEL CARRERAS;
MARY DOE; CONJUGAL PARTNERSHIP M. CARRERAS/DOE,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Howard, Circuit Judge,
Baldock[*] and Stahl, Senior Circuit Judges.

Javier López-Pérez and Ramon E. Dapena on the briefs,
for Appellants.
Richard Graffam and Roberto Abesada-Agüet on the brief
for Appellee.

November 21, 2006

---

[*]Of the Tenth Circuit, sitting by designation.

**BALDOCK**, <u>Senior Circuit Judge</u>.  Defendants appeal the district court's denial of their motion for preliminary injunction and several evidentiary rulings made during the course of the preliminary injunction hearing.  We have jurisdiction to review this matter pursuant to 28 U.S.C. § 1292.  Because the district court subsequently dismissed Defendants' counterclaim due to discovery violations, we dismiss Defendants' interlocutory appeal as moot.

I.

Plaintiff Freightliner manufactures and sells trucks worldwide.  In 1996, Plaintiff and Defendant Puerto Rico Truck Sales, Inc., executed an agreement ("Agreement") for the distribution of Freightliner products in Puerto Rico.  Defendant Freightliner Truck Sales and Services ("FTSS") later assumed Puerto Rico Truck Sales position in the Agreement.

On September 10, 2004, Plaintiff terminated the Agreement with FTSS and on September 13, 2004, it filed a complaint against Defendants for damages and collection of monies.  Plaintiff based its termination of the Agreement on FTSS's alleged lack of payment of substantial overdue amounts and FTSS's alleged illegal or wrongful shipment and importation of 18 Freightliner trucks into Puerto Rico.  In

addition to damages, Plaintiff sought a declaratory judgment on the validity of its termination of the Agreement.

Defendants counterclaimed seeking damages and alleging Plaintiff's cancellation of the Agreement violated their rights under Puerto Rico Law 75, P.R. Laws Ann. tit. 10, § 278 ("Law 75"), a statute prohibiting a principal from terminating without just cause a distribution agreement with its dealer. In connection with their counterclaim and pursuant to Law 75, Defendants filed a motion for a temporary restraining order ("TRO") and a motion for a preliminary injunction. Defendants requested the court dissolve Plaintiff's cancellation of the Agreement and enjoin Plaintiff from entering into a distribution agreement with another Puerto Rican distributor. The district court denied the motion for TRO and referred the motion for preliminary injunction to the magistrate judge for a report and recommendation (R&R). After a lengthy hearing, the magistrate judge issued a R&R recommending denial of Defendants' motion for preliminary injunction, concluding Defendants failed to establish the prerequisites for preliminary injunctive relief under Law 75.

Defendants timely objected to the R&R. The district court overruled the objections and adopted the R&R. In a separate order, the court dismissed Defendants'

counterclaims with prejudice due to discovery violations, and entered a partial judgment as to those claims. See Fed. R. Civ. P. 37(b)(2)(C). Defendants sought certification to appeal the district court's partial judgment pursuant to Fed. R. Civ. P. 54(b). The district court denied Defendants' request, finding the partial judgment did not meet the criteria for immediate appealability set forth in Spiegel v. The Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988). Defendants filed a notice of appeal seeking review of the district court's denial of their motion for preliminary injunction and the court's dismissal of their counterclaims.

## II.

Plaintiff argues Defendants' appeal is moot because the district court dismissed Defendants' counterclaim pursuant to Law 75. We agree. Defendants' request for a preliminary injunction was specifically grounded in its counterclaim pursuant to Law 75. Because Defendants' counterclaim no longer exists, they would have no recourse in the district court even if we reverse its denial of their motion for preliminary injunction. Chaparro-Febus v. International Longshoremen's Ass'n, Local 1575, 983 F.2d 325, 331 n.5 (1st Cir. 1992) (noting "preliminary injunctions, which are interlocutory in nature, cannot

-4-

survive a final order of dismissal"). Thus, Defendants' appeal of the district court's denial of their motion for preliminary injunction is moot. Id. ("Because the district court's denial of the preliminary injunction was merged in the final judgment dismissing the case, plaintiffs' complaints regarding the preliminary injunction are moot.") (citations and quotations omitted).

In their reply brief, Defendants maintain this court can entertain their interlocutory appeal because the notice of appeal seeks review of the district court's partial judgment disposing of their counterclaim. We find Defendants waived any arguments related to the district court's dismissal of their counterclaim in this interlocutory appeal. "[W]e have steadfastly deemed waived issues raised on appeal in a perfunctory manner, not accompanied by developed argumentation." Massachusetts Sch. of Law v. ABA, 142 F.3d 26, 43 (1st Cir. 1998) (citation omitted). Defendants make no mention of the issue in their opening brief and only briefly address the issue in their reply brief without explaining how the district court erred in dismissing their counterclaim or in denying their motion for a Rule 54(b) certificate of appealability.

III.

Based upon the foregoing, Defendants' appeal, Defendants' Motion to Supplement the Record with New Evidence, and Plaintiff's Motion to Strike are DISMISSED as moot. We make no comment as to the remaining matters before the district court.